UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-02770-SEB-TAB |
| ) | |
| MACALLISTER MACHINERY CO. INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| MACALLISTER MACHINERY CO. INC., ) | |
| ) | |
| Counter Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| DANIEL ROBERTS, ) | |
| ) | |
| Counter Defendant. ) | |

**ORDER ON DEFENDANT-COUNTERCLAIMAINT'S APPLICATION FOR ENTRY OF DEFAULT (DKT. 14)**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA**

Defendant MacAllister Machinery Company ("MacAllister") pleaded four counterclaims against Plaintiff Daniel Roberts ("Roberts") by its *Answer*, Dkt. 11, to his *Complaint*. Dkt. 1. When Roberts failed to respond to the counterclaims, MacAllister applied for entry of default against Roberts. Dkt. 14. Because it appears that such entry would be set aside on Roberts's motion, as explained more fully below, the Clerk of

1

Court is DIRECTED to DENY MacAllister's application. Roberts's response to the counterclaims must be filed within SEVEN DAYS from the date of this order.

## Background

MacAllister, Roberts's former employer, answered Roberts's complaint on October 6, 2017, denying his allegations, raising affirmative defenses, and pleading counterclaims for fraud, deception, unjust enrichment, and breach of fiduciary duty by Roberts's falsification of his time records at work. Answer (Dkt. 11) 21–24. Roberts's responsive pleading was due twenty-one days later, Fed. R. Civ. P. 12(a)(1)(B), on October 27, 2017. Fed. R. Civ. P. 6(a)(1). Roberts filed no response by that deadline, and still had not as of November 9, 2017, when MacAllister applied for entry of default, thirty-four days after serving its counterclaims. Spurred to action by MacAllister's application, Roberts filed an opposition within four days, on November 13, 2017. Dkt. 15. MacAllister filed a reply four days later, on November 17, 2017. Dkt. 16.

In opposition to MacAllister's application, Roberts's counsel states that the docket entry for MacAllister's *Answer* "was not . . . identified as containing a Counterclaim." Pl.'s Resp. Opp. (Dkt. 15) ¶ 4. This is false. Though MacAllister's *Answer* was styled in full "Defendant's Answer and Defenses to Plaintiff's Complaint," Answer 1, which omitted specific mention of a counterclaim, the Court's docket entry, as reflected both in the notice of filing sent by e-mail to both counsel, Dkt. 14 Ex. A., and in the CM/ECF entry, Dkt. 14 Ex. B, gives clear and unambiguous notice of MacAllister's counterclaims:

**Notice of Electronic Filing**

The following transaction was entered by White, Courtney on 10/6/2017 at 1:26 PM EDT and filed on 10/6/2017
Case Name:      ROBERTS v. MACALLISTER MACHINERY CO. INC.
Case Number:    1:17-cv-02770-SEB-TAB
Filer:          MACALLISTER MACHINERY CO. INC.
Document Number: 11

Docket Text:
**ANSWER to [1] Complaint , COUNTERCLAIM against DANIEL ROBERTS, filed by MACALLISTER MACHINERY CO. INC..(White, Courtney)**

Dkt. 14 Ex. A.

| 10/06/2017 | 11 | ANSWER to 1 Complaint , COUNTERCLAIM against DANIEL ROBERTS, filed by MACALLISTER MACHINERY CO. INC..(White, Courtney) (Entered: 10/06/2017) |

Dkt. 14 Ex. B.

In a further effort to salvage his defense, Roberts's counsel states that "MacAllister's Counterclaim began on a separate page of the document, which appeared *after* MacAllister's Answer, General Denial, Affirmative Defenses, Reservation of Rights, and the signature of MacAllister's counsel." Pl.'s Resp. Opp. ¶ 5. True enough. This is an accurate description of the formatting of that document. *See* Answer 20–21.

Roberts's counsel then avers that "MacAllister did not indicate in its synopsis for the draft Case Management Plan [(CMP)], which Roberts received on October 5, 2017, that it intended to file a counterclaim, and also, to the best of counsel's recollection, did not mention [it] during the Initial Pretrial Conference on October 10, 2017." Pl.'s Resp. Opp. ¶ 6. As MacAllister points out, Def.'s Reply (Dkt. 16) 1–2, this statement mischaracterizes MacAllister's tendered CMP, which provides as follows: "[B]y falsifying his time records, Plaintiff engaged in fraud and deception, breached his duty of

loyalty to Defendant, and was unjustly enriched to Defendant's detriment." Dkt. 10, at 2 (CMP Part II entitled "Jurisdiction and Statement of *Claims*" (emphasis added)). Thus, while the CMP does not use the word "counterclaim," it surely, at a minimum, "indicate[s]" MacAllister's intent to bring counterclaims against Roberts. Pl.'s Resp. Opp. ¶ 6.

Roberts's counsel finally concedes that he "inadvertently overlooked" MacAllister's counterclaims until it filed the instant application on November 9, 2017, Pl.'s Resp. Opp. ¶ 7, but contends that he responded to the application "at the first available opportunity . . . [,]" *Id.* ¶ 10, and argues that Roberts has a good defense to the counterclaims, to wit, that he "was, in fact, performing work assigned by MacAllister" at the times relevant to the counterclaims. *Id.* ¶ 11.

Roberts's counsel asks for a two-week extension to answer MacAllister's counterclaims.[1]

## **Analysis**

"[T]here are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (citation and quotations omitted). Entry of default under Rule 55(a), Fed. R. Civ. P., establishes the defaulted party's liability on the defaulted claims; entry of default judgment under Rule 55(b), Fed. R. Civ. P., establishes the opposing party's rights against the defaulted party. *VLM Food Trading*, 811 F.3d at

---

[1] More precisely, Roberts's counsel filed his opposition to MacAllister's application on November 13, 2017, requesting an extension until November 27, 2017. Pl.'s Resp. Opp. 1.

4

255. "[E]ntry of default may be made by either the clerk or the judge[,]" *Virgin Records Am., Inc. v. Johnson*, 441 F. Supp. 2d. 963, 965 (N.D. Ind. 2006) (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980)), and the judge may decline to enter default in the first place when it appears that the entry would be set aside on motion by the defaulted party. 10A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. and Proc.* § 2682 (4th ed. 2017) (citing *Brown v. Weschler*, 135 F. Supp. 622 (D.D.C. 1955)).

Under Rule 55(c), Fed. R. Civ. P., "[a] party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (citation and quotations omitted). "While the same test applies for motions seeking relief from default judgment . . . , the test 'is more liberally applied in the Rule 55(c) context.'" *Id.* at 631 (quoting *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)). We conduct the Rule 55(c) analysis guided by the Court's oft-expressed preference for determination on the merits over judgment by default. *Id.*

In this light, we conclude that Roberts's default would be set aside on his motion, and its entry is therefore inappropriate. Taking up the elements of the test in reverse order, Roberts must first show a meritorious defense to MacAllister's counterclaims. Roberts states that he cannot be liable to MacAllister for falsifying his time sheets because the relevant time was spent working at MacAllister's direction. Though this explanation is brief and conclusory, because it "notifie[s] [MacAllister] of the nature of [Roberts's] defense and provide[s] the factual basis for that defense[,]" Roberts's

5

explanation "cannot be characterized as so conclusory as to be fatal." *Cracco*, 559 F.3d at 631. "Given the lenient standards . . . established for the application of Rule 55(c)," *id.*, we find that Roberts's showing is sufficient on this point.

Roberts must next show that he took quick action in response to MacAllister's application. This element, too, is satisfied. Roberts's opposition was filed within four days of MacAllister's application, an intervening weekend and counsel's two-day defense of a deposition in the Northern District of Indiana notwithstanding. *See* Pl.'s Resp. Opp. ¶¶ 7–10.

Roberts finally must show good cause for his lateness. This is a much closer question. The Seventh Circuit has held that "inadvertence," as opposed to "willful[] ignor[ance]," may satisfy Rule 55(c). *Cracco*, 559 F.3d at 631 (citing *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 677 (7th Cir. 1987)). Where the other two elements of the test are clearly satisfied, the course of proceedings suggests no willful misconduct, and there is no suggestion of prejudice to MacAllister, *see Strabala v. Zhang*, 318 F.R.D. 81, 91 (N.D. Ill. 2016) (vacating default judgment), notwithstanding that MacAllister's application presents a clear case of inadvertence, we conclude, on the whole, that Roberts has shown good cause.

As Roberts has shown his willingness to prosecute and defend, as necessary, default is not warranted for this first instance of dilatory conduct in this case. We emphasize, *in this case*. Just two months ago, in a different case, we were forced to deny Roberts's counsel's motion for leave to file a belated response to defendants' motion to dismiss, a deadline counsel had missed while in the very midst of responding to the

6

magistrate judge's order to show cause why counsel should not be sanctioned for his failure to appear at a telephonic status conference. *Jones v. Anderson Cmty. Sch. Corp.*, 1:16-cv-2150, Dkt. 48 (S.D. Ind. Sept. 28, 2017) (Barker, J.). Counsel's explanation for his conduct there, as here, rested on the "hidden premise . . . that counsel saw, *but did not himself read*," the relevant papers. *Id.* at 6. There, as here, we "perceive a clear pattern of inattentiveness and excuse-making." *Id.*

We will not, of course, prejudice Roberts's case for counsel's conduct in a different case. But we note that counsel's current and future clients are not well served by the Court's repeated indulgence of counsel's lack of professionalism in the face of his apparent unwillingness to improve his standard of practice. While defaulting Roberts is inappropriate at this juncture, counsel is hereby put on notice that the undersigned judge will not tolerate, and urges the magistrate judge(s) not to tolerate, further errors or omissions predicated on counsel's *failure to read the papers submitted in his own case*. Such errors or omissions *will* draw sanctions, beginning with requiring counsel to certify in writing to the Court that he has fully read each and every paper filed in this case. *See* Ind. R. Prof'l Conduct 1.1 ("Competence"), 1.3 ("Diligence").

## **Conclusion**

For the reasons above, the Clerk is DIRECTED to DENY MacAllister's application for entry of default.

Roberts's response to MacAllister's counterclaims must be filed within SEVEN DAYS from the date of this order.

IT IS SO ORDERED.

Date: 12/1/2017

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Bonnie L. Martin
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
bonnie.martin@ogletreedeakins.com

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT & CIVIL RIGHTS LEGAL SERVICES PC
jaym@ecrls.com

Courtney R. White
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
courtney.white@ogletreedeakins.com